THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEPO FOTUALII, | CASE NO. C17-0529-JCC |
| Plaintiff, | ORDER |
| v. | |
| GI TRUCKING COMPANY, d/b/a ESTES WEST, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Nepo Fotualii ("Fotualii") was terminated from his job as a dock worker at Defendant Estes West ("West"). (Dkt. No. 1 at 3–4.) Fotualii, who is Samoan, brings state and federal discrimination claims against West alleging that he was terminated because of his race and national origin. (*Id.* at 5.) West asserts that Fotualii was terminated because of a safety violation. (Dkt. No. 18 at 1–2.) In this motion, Fotualii asks the Court to decide a single discovery dispute: is he entitled to information that could corroborate statements allegedly made by a West executive before Fotoualii was terminated?

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In addition to relevance, the Court must determine whether discovery is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Fotualii submitted a declaration from a former coworker who asserts that West's Vice President, Kevin Young ("Young") told him that a group of "Cubans" had been stealing from the company down in Florida, and that Young believed there was a group of Samoans doing the same thing in Washington. (Dkt. No. 17 at 2.) Young's alleged comment was made before Fotualii was terminated. (Dkt. No. 1 at 2–4.) Fotualii asks the Court to compel West to produce "documents, memorandums, internal communications, or copies of any law enforcement reports regarding the theft in Miami."[1] (Dkt. No. 15 at 7.) Fotualii believes the information is relevant to his claim that Young in fact made the statements to his coworker, and that Young believed Cubans were stealing in Florida and also that Samoans were stealing in Washington. (*Id.*) West resists the discovery request on the grounds that the information is not relevant to Fotualii's claims and not proportional to the needs of the lawsuit. (Dkt. No. 18 at 4–6.)

Fotualii believes information regarding theft in Miami will corroborate his coworker's testimony that Young made comments about Cubans stealing in Florida and Samoans stealing in

---

[1] In response to Fotualii's initial discovery request regarding this topic, West disclosed that there was a police investigation into its parent company's Miami terminal in 2012 that uncovered large scale theft, and that Young was aware of the investigation but unaware of the nationalities of anyone involved. (Dkt. No. 16-4 at 5.)

Washington. While the Court can see how such information might corroborate Young's alleged statement regarding Cubans stealing in Florida, it struggles to see how it would corroborate his alleged statement regarding Samoans stealing in Washington. Information regarding a 2012 theft investigation in Miami, potentially involving Cubans, has nothing to do with 2015 theft allegations involving Samoans in Washington.[2] More broadly, the Court does not think that information regarding the Miami theft investigation would tend to prove material issues related to Fotualii's claims—i.e. that he was terminated because he was Samoan. The proper focus of Rule 26(b) is the relevance of a party's *claim* or *defense*. Fed. R. Civ. P. 26(b)(1). Here, the information Fotualii seeks is quite attenuated from his discrimination claims.

Given the information's minimal relevance to Fotualii's claims, the Court concludes that proportionately considerations weigh in favor of denying discovery. While employment discrimination is certainly an important issue, the Court does not believe the requested discovery is important to resolve Fotualii's discrimination claim. The primary purpose for the information is to corroborate a witness's testimony, not to prove a dispositive issue in the case. In addition, Fotualii has already received information that would appear to directly corroborate Young's statement. (*See* Dkt. No. 18 at 3.); *see* Note 2.

West has also demonstrated that it lacks access to the information Fotualii seeks. West does not possess any of the requested documents because it does not own the Miami terminal. *Id*. at 6.) In addition, West states that its parent company has diligently searched for the documents Fotualii requested but not located any responsive information. (*Id*.) Given the minimal relevance of the information and the lack of access to the documents, the Court finds the burden of ordering the discovery would outweigh its benefit.

---

[2] In contrast, West produced a document that Young had received that showed Fotualii and others were suspected of committing theft. (Dkt. No. 18 at 3.) That information is directly relevant to Fotualii's discrimination claim as it not only tends to corroborate Young's comment about theft, but might provide a reason for why Fotualii was terminated.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 15) is DENIED.

DATED this 27th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C17-0529-JCC
PAGE - 4